UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
-------------------------------------------------------X
William Raymond,

                        Plaintiff,

     -against-

C.A.R. & Associates,

                     Defendant.
-------------------------------------------------------X

Civil Action No.:_____

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiff ("Plaintiff" or "Raymond"), by and through his attorney, FREDRICK SCHULMAN & ASSOCIATES, Attorneys at Law, as and for his Complaint against the Defendant C.A.R. & Associates ("Defendant" or "C.A.R. & Associates"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action seeking damages and declaratory relief arising from the Defendant's violation(s) of §1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA").

**PARTIES**

2.    Plaintiff is a resident of the State of FL, County of Polk, residing at 5012 Lazy Birch Loop Lakeland, FL 33805. At all relevant times herein, Plaintiff maintained his residence at this address.

3.    Upon information and belief, Defendant is a corporation incorporated under the laws of the State of New York and authorized to conduct business in the State of FL. Upon further information and belief, Defendant is engaged in the business of debt collection of debts incurred,

and alleged to be incurred, for personal, family or household purposes, and is a collection firm with its principal place of business at 5165 Broadway Ste 253 , Depew, NY 14043.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA, and is subject to the requirements of the FDCPA.

6. Upon information and belief, Defendant was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA. Upon further information and belief, at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. §§1692 *et. seq*. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10.     Plaintiff allegedly incurred a debt to an original creditor unknown to the Plaintiff.  Upon information and belief, the nature of the underlying debt allegedly owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

11.      Beginning on or about January, 2013, Defendant commenced collection activity against Plaintiff to recover a debt Defendant believed the Plaintiff was obligated to pay (referred to hereinafter as the "Alleged Debt").

12.     Defendant's employee, "David Goldstein", placed a telephone call to the Plaintiff's uncle, and stated he was calling from the Defendant's legal department. Defendant the Plaintiff's uncle that the Plaintiff is being incarcerated for a crime of not paying the Alleged Debt. The Defendant stated that the Plaintiff's uncle and Plaintiff's father need to be involved to pay this debt.

13.     Thereafter, the Plaintiff's father called the Defendant and spoke to David Goldstein. Mr. Goldstein was extremely rude the Plaintiff's father and hung up on him.

14.     Plaintiff called the Defendant, but Mr. Goldstein refused to talk to him unless he provided his social security number. Plaintiff refused to provide his social security number to a company he didn't know, who was threatening him, and withholding any information about a possible account.

15.     Defendant refused to speak to Plaintiff about the account, yet continued its third party contact to the Plaintiff's family members, to intimidate them about the Alleged Debt.

16.     The foregoing action by Defendant violated 15 U.S.C. §1692b(2), which prohibits contacting a third party and stating that the consumer owes a debt.

17.     The foregoing action by Defendant violated 15 U.S.C. §1692c(b), which prohibits a third party and stating that the consumer owes a debt.

18.     The foregoing action by Defendant violated 15 U.S.C. §1692d, which prohibits the use of any conduct the natural consequence of which is to harass oppress or abuse any person.

19. The foregoing action by Defendant violated 15 U.S.C. §1692d(1), which prohibits the threatened use of violence or criminal means in attempt to collect a debt.

20. The foregoing action by Defendant violated 15 U.S.C. §1692d(2), which prohibits the use of abusive language in attempt to collect a debt.

21. The foregoing action by Defendant violated 15 U.S.C. §1692e, which prohibits the use of any false, deceptive or misleading representation or means in attempt to collect a debt.

22. The foregoing action by Defendant violated 15 U.S.C. §1692e(3), which prohibits misrepresenting that the call is from an attorney.

23. The foregoing action by Defendant violated 15 U.S.C. §1692e(4), which prohibits threatening that a consumer would be arrested.

24. The foregoing action by Defendant violated 15 U.S.C. §1692e(5), which prohibits threatening to take any action that cannot legally be taken or that is not intended to be taken.

25. The foregoing action by Defendant violated 15 U.S.C. §1692e(7), which prohibits stating that a consumer committed any crime, or using other language to disgrace a consumer.

26. The foregoing action by Defendant violated 15 U.S.C. §1692e(10), which prohibits the use of false representation and deceptive means in attempt to collect a debt.

27. The foregoing action by Defendant violated 15 U.S.C. §1692f, which prohibits using any unfair and unconscionable means in attempt to collect a deb.t

28. The foregoing action by Defendant violated 15 U.S.C. §1692g(a) which mandates that the Defendant provide a consumer with a 30-day notice of dispute rights, within 5 days of initial communication.

29. As a result of the Defendant's deceptive, misleading and/or unfair debt collection practices, the Plaintiff has been damaged.

30.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692b(2)

31.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32.     The Defendant's conduct violated 15 U.S.C. §1692b(2) in that the Defendant called the Plaintiff's uncle and stated that the Plaintiff owes an alleged debt.

33.     As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### SECOND CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692c(b)

34.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35.     The Defendant's conduct violated 15 U.S.C. §1692c(b) in that the Defendant contacted the Plaintiff's uncle and stated that the Plaintiff owes an Alleged Debt.

36.     As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### THIRD CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692d

37.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "36" herein with the same force and effect as if the same were set forth at length herein.

38.     The Defendant's conduct violated 15 U.S.C. §1692d in that the Defendant used conduct the natural consequence of which was to harass, oppress and abuse any person.

39.     As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### FOURTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692d(1)

40.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

41.     The Defendant's conduct violated 15 U.S.C. §1692d(1) in that the Defendant threatened to unlawfully and criminally arrest the Plaintiff.

42.     As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### FIFTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692d(2)

43.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "42" herein with the same force and effect as if the same were set forth at length herein.

44.     The Defendant's conduct violated 15 U.S.C. §1692d(2) in that the Defendant used abusive language towards the Plaintiff and his father and uncle.

45. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### SIXTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "45" herein with the same force and effect as if the same were set forth at length herein.

47. The Defendant's conduct violated 15 U.S.C. §1692e in that the Defendant used false, deceptive and misleading representation and means in attempt to collect a debt.

48. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### SEVENTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(3)

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "48" herein with the same force and effect as if the same were set forth at length herein.

50. The Defendant's conduct violated 15 U.S.C. §1692e(3) in that the Defendant misrepresented itself as an attorney by stating that they were calling from the "legal department".

51. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### EIGHTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(4)

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "51" herein with the same force and effect as if the same were set forth at length herein.

53. The Defendant's conduct violated 15 U.S.C. §1692e(4) in that the Defendant stated that the Plaintiff would be incarcerated because he didn't pay an Alleged Debt.

54. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### NINTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(5)

55. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "54" herein with the same force and effect as if the same were set forth at length herein.

56. The Defendant's conduct violated 15 U.S.C. §1692e(5) in that the Defendant threatened to take action it could not legally take and didn't intend to take.

57. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### TENTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(7)

58. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "57" herein with the same force and effect as if the same were set forth at length herein.

59. The Defendant's conduct violated 15 U.S.C. §1692e(7) in that the Defendant stated that Plaintiff would be incarcerated for the "crime" of not paying an alleged debt. This statement, made to the Plaintiff's uncle, greatly disgraced the Plaintiff.

60. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### ELEVENTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(10)

61. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "60" herein with the same force and effect as if the same were set forth at length herein.

62. The Defendant's conduct violated 15 U.S.C. §1692e(10) in that the Defendant used false representation and deceptive means in attempt to collect an alleged debt.

63. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### TWELVTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692f

64. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "63" herein with the same force and effect as if the same were set forth at length herein.

65. The Defendant's conduct violated 15 U.S.C. §1692f in that the Defendant used unfair and unconscionable means in attempt to collect a debt.

66. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### THIRTEENTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692g(a)

67. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "66" herein with the same force and effect as if the same were set forth at length herein.

68. The Defendant's conduct violated 15 U.S.C. §1692g(a) in that the Defendant failed to send the Plaintiff a 30-day validation notice in the mail within 5 days of initial communication; Defendant didn't send such notice at all.

69. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### DEMAND FOR TRIAL BY JURY

70. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff William Raymond demands judgment from the Defendant C.A.R. & Associates, as follows:

A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2):

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D. For a declaration that the Defendant's practices violated the FDCPA; and,

    E.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
       February 26, 2013

                Respectfully submitted,

                By: s/ Jerald Alan Belofsky Esq.
                     JERALD ALAN BELOFSKY
                FREDRICK SCHULMAN & ASSOCIATES
                Attorneys at Law
                Attorney for Plaintiff
                30 East 29TH Street
                New York, New York 10016
                (212) 796-6053